

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **JAMES E. JOHNSON** | **LAW DEPARTMENT** | **WILLIAM THOMAS GOSLING** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Assistant Corporation Counsel*<br>Phone: (212) 356-2384<br>Fax: (212) 356-3509<br>wgosling@law.nyc.gov |

May 1, 2020

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J. 5/4/2020
The Clerk is directed to mail a copy of this order to the pro se Plaintiff.

 Re:    Glenn Johnson v. City of New York et al., 19 Civ. 9664 (VSB) (SN)

Your Honor:

 I am the attorney in the Office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the defense of the above referenced matter. In that capacity, I write to respectfully request that the Court issue a ninety (90) day stay of this litigation, including all scheduled deadlines, the answer to the Complaint on behalf defendants City, and discovery, in light of the current COVID-19 pandemic[1]. Plaintiff consents to this request. This is defendant City's first request for the Court to issue such a stay.

 By way of background, on October 17, 2019, plaintiff filed the Complaint alleging, *inter alia*, that on April 9, 2019, plaintiff was involved in an inmate on inmate assault at the Vernon C. Bain Center ("VCBC"), a facility located on Rikers Island, which resulted in plaintiff's injures. See Docket Entry No. 2. On February 4, 2020, Your Honor issued an Order requiring defendants to waive service of the Summons by March 5, 2020. See Docket Entry No. 8. Also in the February 4th Order, Your Honor requires defendants to respond to Local Civil Rule 33.2 by June 3, 2020. Id. On March 4, 2020, defendants filed their executed waiver of service, thereby making the response to the Complaint due on May 4, 2020. See Docket Entry Nos. 10, 11.

---

[1] Plaintiff also names Correction Officer Cruz, Correction Officer Rodriguez, and Captain Camacho as defendants. On March 4, 2020, waivers of service were executed on behalf of Correction Officer Cruz, Correction Officer Rodriguez, and Captain Camacho, thus making their answers or responses to the Complaint due on May 4, 2020. See Docket Entry No. 10. This Office has made no decisions regarding the representation of these named defendants. Nevertheless, to the extent that any such individuals have been properly served, this Office respectfully requests that the Court *sua sponte* stay their response to the Complaint.

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendants must regularly communicate and coordinate with, *e.g.*, the New York City Department of Correction ("DOC") are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19. This will give this Office the time and opportunity needed to adjust to these new circumstances.

- 3 -

Thank you for your consideration.

                                                    Respectfully submitted,

                                                    **<u>*William Thomas Gosling*</u>** /S/
                                                    William Thomas Gosling
                                                    *Assistant Corporation Counsel*

cc:    **<u>BY FIRST-CLASS MAIL</u>**
        Glenn Johnson
        Plaintiff *Pro Se*
        880 Boynton Avenue, Apt. 19G
        Bronx, New York 10473