```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLENN JOHNSON,                                              :
                                                            :
                              Plaintiff                     :
                                                            :
              -against-                                     :     19-CV-9664 (VSB)
                                                            :
CITY OF NEW YORK, et al.,                                   :     **ORDER AND NOTICE OF**
                                                            :       **INITIAL CONFERENCE**
                              Defendants.                   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/2020

VERNON S. BRODERICK, United States District Judge:

    This case has been assigned to me for all purposes. It is hereby:

    ORDERED that, in light of the public health crisis, the Court will not be holding an initial pretrial conference.

    IT IS FURTHER ORDERED that, by September 30, 2020, the parties submit a joint letter, not to exceed three (3) pages, providing the following information in separate paragraphs:

1. A brief description of the nature of the action and the principal defenses thereto;

2. A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;

3. A brief description of all contemplated and/or outstanding motions;

4. A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;

5. A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement;

6. The estimated length of trial; and

7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

IT IS FURTHER ORDERED that the parties also jointly submit to the Court a proposed case management plan and scheduling order. A template for the order is available at http://nysd.uscourts.gov/judge/Broderick. The status letter and the proposed case management plan should be filed electronically on ECF, consistent with Section 13.1 of the Court's Electronic Case Filing (ECF) Rules & Instructions, available at https://nysd.uscourts.gov/rules/ecf-related-instructions.

Pursuant to the Court's Individual Rules and Practices in Civil Pro Se Cases, all communications with the Court by a pro se party — including the aforementioned letter — should be mailed to the Pro Se Office, United States District Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. No documents or court filings should be sent directly to Chambers. Copies of correspondence between a Pro Se party and counsel shall not be sent to the Court.

The Clerk's Office is directed to mail a copy of this Order to the Pro Se Plaintiff.

SO ORDERED.

Dated: September 16, 2020
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                           Plaintiff(s),

                      No. _____-CV- _____ (VSB)

        -v-

                     **CASE MANAGEMENT PLAN**
                     **AND SCHEDULING ORDER**

                           Defendant(s).
------------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

       Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1.     All parties [consent _____ / do not consent _____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [***If all consent, the remainder of the Order need not be completed at this time.***]

2.     The parties [have _____ / have not _____] engaged in settlement discussions.

3.     This case [is _____ / is not _____] to be tried to a jury.

4.     Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional parties may be joined without leave of the Court.

5.     Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional causes of action or defenses may be asserted after without leave of the Court.

6.     Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than _____. [***Absent exceptional circumstances, within 14 days of the date of the parties' conference pursuant to Rule 26(f).***]

7.     All fact discovery is to be completed no later than _____. [***A period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances.***]

8.     The parties are to conduct discovery in accordance with the Federal Rules of Civil

       Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

       a.     Initial requests for production of documents shall be served by _____.

       b.     Interrogatories shall be served by _____.

       c.     Depositions shall be completed by _____.

          i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

          ii. There is no priority for depositions by reason of a party's status as a plaintiff or a defendant.

          iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

       d.     Requests for admissions shall be served no later than _____.

9. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by _____. [***The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.***]

10. All discovery shall be completed no later than _____.

11. The Court will conduct a post-discovery conference on _____ at _____. [***To be completed by the Court.***] No later than two weeks in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action. If either party contemplates filing a dispositive motion, the parties should be prepared to discuss a briefing schedule at the post-discovery conference.

12. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's decision on such motion. This case shall be trial ready 60 days from the close of discovery or from the Court's decision on any dispositive motion.

13. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a. \_\_\_\_\_ Referral to a Magistrate Judge for settlement discussions.

    b. \_\_\_\_\_ Referral to the Southern District's Mediation Program. [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201* et seq., *are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b)*.]

    c. \_\_\_\_\_ Retention of a private mediator.

    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14. The parties have conferred and their present best estimate of the length of trial is _____.

SO ORDERED.

Dated: _____
       New York, New York

_____
Vernon S. Broderick
United States District Judge

3